1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11   WILLIE RAY JONES,

12            Petitioner,                    No. CIV-09-1735 MCE KJM P

13       vs.

14   FREDERICK B. HAWS,

15            Respondent.                    <u>ORDER</u>

16   _____/

17            Petitioner is a California prisoner proceeding pro se with a petition for writ of

18   habeas corpus under 28 U.S.C. § 2254.  Petitioner requests that this action be stayed so that he

19   can exhaust state court remedies with respect to new claims.

20            The new claims petitioner proposes are that he was denied his Fourteenth

21   Amendment right to due process when he was denied a continuance of trial to secure witnesses;

22   and that his Sixth Amendment right to effective assistance of appellate counsel was violated

23   when appellate counsel failed to raise the first new claim on direct appeal.

24            The court has the authority to stay a habeas petition so that the petitioner can

25   exhaust state court remedies if the petitioner shows his claims are potentially meritorious and

26   good cause for failure to exhaust earlier.  <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).

1

1    This action had been pending for over a year when petitioner filed his motion for

2  leave to amend.  Petitioner's California Supreme Court petition for review filed during direct

3  review was denied in September 2008, approximately nine months before this action was filed.

4  Answer at 6.  The nature of petitioner's proposed new claims indicate they were apparent to

5  petitioner during direct review.  Petitioner has not provided a coherent explanation indicating

6  good cause for failing to exhaust state court remedies during the time between the conclusion of

7  direct review in California and the filing of his current motion for a stay.  In his reply brief,

8  petitioner simply asserts he did not discover the authority for his claims until recently, but does

9  not explain why this is so.  See Reply at 1-2.

10    Petitioner's request for a stay will be denied.  To the extent petitioner seeks leave

11  to amend without exhausting state court remedies, his request is denied because it is futile.  See

12  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant leave

13  to amend if amendment would be futile).  Under 28 U.S.C. § 2254(b) exhaustion of state court

14  remedies is a prerequisite to granting habeas relief unless respondent explicitly waives the

15  exhaustion requirement.  Respondent has not done so.

16    Petitioner also requests permission to amend his habeas petition with a new

17  exhibit.  Petitioner asserts the exhibit is submitted in rebuttal to arguments raised by respondent

18  in his answer.  Good cause appearing, the court will deem the exhibit as having been submitted

19  with petitioner's traverse and will consider the exhibit when considering the merits of

20  petitioner's habeas application if it is appropriate to do so.

21    In accordance with the above, IT IS HEREBY ORDERED that:

22    1. Petitioner's "request for leave to amend habeas corpus petitions . . ." (#37) is

23  denied.

24    2. Petitioner's "motion for leave to amend exhibit–A . . ." (#38) is granted in part

25  and denied in part.  The exhibit attached to the motion will be considered, to the extent

26  /////

1    appropriate under the law to do so, with petitioner's traverse.  In all other respects, the motion is

2    denied.

3    DATED:  December 19, 2010.

4

5    _____
     U.S. MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    1
      jone1735.amd

26

3